UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PATRICK JONES, )
)
      Petitioner, )
)
v. ) No. 1:19-cv-01611-JRS-MJD
)
WARDEN, )
)
      Respondent. )

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Patrick Jones' petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as IYC 19-01-0109. For the reasons explained in this Entry, Mr. Jones' petition is **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

IYC 19-01-0109 began with the following conduct report written on January 22, 2019, by Investigator Feldkamp:

> On 1/22/2019 at approximately 8:30 A.M. I, Investigator Feldkamp and Officer J. Rios were conducting a targeted search in cell HUC N 26. The offenders who are assigned to that cell are Antwan Chatman #265153 N-26L and Patrick Jones #267912 N-26U. An egregious amount of unauthorized contraband was discovered in these offenders cell located in there locked property boxes as well as their personal bed assignment drawers and cell. The items discovered in offender Jones locked box was a bag of fermented apples chopped up in a rice bag that smelled like hooch. There were also four whole apples in Jones's box, gambling paraphernalia, phone numbers and nicknames. Additionally hidden inside of a sock belonging to offender Chatman was STG Vice Lord literature and another tomato based fermented hooch bottle along with two bags of sugar (items required to make hooch). The items were cataloged on an evidence card, photographed and submitted to l&I as evidence. The food items were disposed of properly and the gambling paraphernalia, tattoo paraphernalia, nickname and numbers were collected and will be stored as evidence.

Dkt. 9-1.

On January 23, 2019, Mr. Jones received a screening report charging him with violating Code 231-B, "Intoxicants." Dkt. 9-5. An inmate violates Code 231-B by "[m]aking or possessing intoxicants, or being under the influence of any intoxicating substance (e.g., alcohol, inhalants)." Dkt. 9-4 at § 231.

Mr. Jones' cellmate, Antwan Chatman, submitted a witness statement asserting that all the items described in the conduct report were inside his property box. Dkt. 9-7. Nevertheless, Mr. Jones was convicted of violating Code 231-B at a hearing on January 25, 2019. Dkt. 9-8.

The hearing officer assessed sanctions, including the deprivation of 60 days' earned credit time and the imposition of an earned credit time deprivation that was a suspended sanction from a previous disciplinary action. *Id.* Mr. Jones' administrative appeals were unsuccessful. *See* dkts. 9-9, 9-10.

### III. Analysis

Mr. Jones petitions for habeas relief on three grounds, each dealing with the amount or quality of evidence against him. Therefore, the Court notes at the outset that "a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

A conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Wilson-El v. Finnan*, 311 F. App'x 908, 910 (7th Cir. 2008) (citing *McPherson*, 188 F.3d at 786). That is the case here. Investigator Feldkamp's conduct report documents that he searched Mr. Jones' cell, including both inmates' property boxes. Dkt. 9-1. The report specifically states that "[t]he items discovered in offender Jones['] locked box was [sic] a bag of fermented apples chopped up in a rice bag that smelled like hooch." *Id.*

No matter what other evidence was presented to the hearing officer, Officer Feldkamp's report constitutes "some evidence" that Mr. Jones possessed intoxicants in violation of Code 231-B. Against this backdrop, Mr. Jones' arguments regarding the amount and quality of the evidence against him fail to show that he was convicted and sanctioned without due process.

### A. Location of Contraband

Mr. Jones argues that Investigator Feldkamp's conduct report includes contradictory statements. Dkt. 2 at 2. Mr. Jones correctly observes that the conduct report states that Investigator Feldkamp found contraband in both inmates' property boxes. *See id.*; dkt. 9-1. However, Mr. Jones asserts that the conduct report states later that all the contraband was found either in his property box or in a sock—not in Mr. Chatman's property box. *See* dkt. 2 at 2.

As a factual matter, it is not clear that the conduct report contradicts itself. Investigator Feldkamp states that he found contraband in both property boxes, then goes on to describe specifically the contraband that he found in Mr. Jones' box and the contraband that he found in Mr. Chatman's sock. *See* dkt. 9-1. This does not necessarily mean that Investigator Feldkamp did not find contraband in Mr. Chatman's box. To the contrary, the report may be read as indicating that Investigator Feldkamp found some contraband in Mr. Chatman's box *and* some in a sock, or that he found contraband in a sock *inside* Mr. Chatman's box.

Regardless, this argument is a red herring. The conduct report clearly documents that Investigator Feldkamp found intoxicants in Mr. Jones' property box. This is "some evidence" that he violated Code 231-B, and that is enough to support his conviction. The accuracy with which the report describes the location of other contraband in the cell at best affects the credibility or weight that should be afforded to the report, and those are issues the Court may not consider those issues in this disciplinary habeas proceeding.

### B. Identification of Property Box's Owner

Mr. Jones next asserts that Investigator Feldkamp failed to explain in the conduct report how he determined which property box belonged to Mr. Jones. *See* dkt. 2 at 3. He notes that

property boxes are marked with identification numbers (not names) and that neither he nor his cellmate was present to identify the box's owner during the search. *Id.*

This argument might be material if the hearing officer was required to find Mr. Jones guilty beyond a reasonable doubt. However, in a prison disciplinary proceeding, "the relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the [hearing officer]." *Hill*, 472 U.S. at 455–56. The conduct report documents that Investigator Feldkamp identified the property box containing the fermented apples as Mr. Jones'. The lenient "some evidence" standard did not require the hearing officer to verify how Investigator Feldkamp reached that conclusion; rather, it allowed the hearing officer to accept Investigator Feldkamp's statement as evidence that Mr. Jones possessed intoxicants.

## C. Mr. Chatman's Statement

Finally, Mr. Jones seeks habeas relief based on Mr. Chatman's statement that the intoxicants were located in *his* property box. Dkt. 2 at 3. Contrary to Mr. Jones' assertion, the hearing officer's report indicates that he considered Mr. Chatman's statement. *See* dkt. 9-8 (identifying "Evidence from Witnesses" and "witness statements" among evidence considered). The fact that the hearing officer nevertheless found Mr. Jones guilty indicates that he found the conduct report more credible and persuasive than Mr. Chatman's statement. The hearing officer was permitted to exercise that judgment, and this Court is not permitted to second-guess it.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Jones' petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he

seeks. Accordingly, Mr. Jones' petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.**

Because the respondent filed a timely response to the Court's show-cause order, Mr. Jones' motion requesting information about what would happen if the respondent failed to respond, dkt. [8], and his motion seeking immediate relief based on the respondent's failure to respond, dkt. [10], are both **denied as moot**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/21/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

PATRICK JONES
267912
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail T. Rom
INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov